UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

IN RE )
 )
ROBERT HENRY and ) Case No. 606-61477-fra13
JULIE HENRY, )
 Debtors. ) MEMORANDUM OPINION

Pacific Cascade Federal Credit Union objected to confirmation of Debtors' chapter 13 plan of reorganization, which provides for the "cram-down" of Pacific Cascade's collateral, a 2001 Toyota Highlander. Because the issue involves an unsettled area of law which took effect as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), I took the matter under advisement at the end of the confirmation hearing on September 26.

## Discussion

Debtors' proposed chapter 13 plan provides that Pacific Cascade will be paid a monthly payment of $368 over the life of

Memorandum Opinion - 1

the plan, representing principal and interest at 7% per annum on the collateral's secured value of $14,500. Pacific Cascade filed a proof of claim in the total amount of $18,530, and valued the collateral at $14,780. The plan estimates that unsecured creditors will receive payment of only 4% on their claims.

Pacific Cascade argues that it should be paid the total amount of its claim over the life of the plan, rather than the amount representing the value of the collateral at the petition date, as its claim should be treated as fully-secured pursuant to 11 U.S.C. § 1325(a)(9). The relevant part of that provision, added as part of BAPCPA, provides:

> For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day [period] preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle ... acquired for the personal use of the debtor....

The pertinent part of Code § 1325(a)(5), referred to above, is at § 1325(a)(5)(B)(ii) which reads:

> a) Except as provided in subsection (b), the court shall confirm a plan if – ...
> (5) with respect to each allowed secured claim provided for by the plan – ...
> (B)(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the amount of such claim....

Memorandum Opinion - 2

Code § 506 reads in relevant part:

> (a)(1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim.

At the confirmation hearing, Debtors acknowledged that Pacific Cascade's claim is a "910 Claim," as it has become known, and that the entire claim of $18,530 must be paid in full over the life of the plan. They argue, however, citing caselaw that has so held, that the 910 Claim should not be treated as an "allowed secured claim" and should therefore not be paid with interest.

Bankruptcy courts in In re Wampler, 345 B.R. 730 (Bankr. D. Kan. 2006) and In re Carver, 338 B.R. 521 (Bankr. S.D. Georgia 2006), among others[1], have held that Code §§ 502 and 506, when read together, are the only means by which a court may determine that an allowed claim should be allowed as a secured claim in bankruptcy. When Code § 506(a) is eliminated from the equation, as it is for 910 Claims, it follows that one is left with an allowed claim, but not an allowed *secured* claim. The court in Wampler concluded that the 910 Claim must be paid in total, but as an allowed unsecured claim without post-petition interest. Wampler at 740. The court in Carver held that a 910 Claim must

---

[1] For a comprehensive listing of opinions dealing with 910 Claims and the various approaches taken, see Wampler at 734.

Memorandum Opinion - 3

receive the greater of (1) the full amount of the claim without interest, or (2) the amount the creditor would receive if the claim were bifurcated and crammed down. Carver at 528.

Another line of cases, as exemplified by In re Brown, 339 B.R. 818 (Bankr. S.D. Georgia 2006) and In re Brooks, 344 B.R. 417 (Bankr. E.D. North Carolina 2006), hold that Code § 506(a) is not a definitional provision that defines when a claim is to be treated as a secured claim in bankruptcy, but rather is a mechanism for bifurcating an undersecured claim into a secured claim and an unsecured claim for bankruptcy purposes. "The 'determination of property rights in the assets of a bankrupt's estate' is left to state law." Brooks at 422 (internal citations omitted). However, state law controls only to the "extent such rights are not modified by the Bankruptcy Code." Brooks at 422 (citing In re Fleming, 339 B.R. 716, 724 (Bankr. E.D.Mo. 2006)). "If § 506 does not apply, the rights of the secured creditor under state law are not modified and the claim remains fully secured." Brooks at 422.

The court in Brown takes a slightly different approach and states that provisions of the Code, other than § 506, define whether a claim is an "allowed secured claim." A claim is deemed allowed under Code § 502[2], while Code § 101 "establishes that a

---

[2] "A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ...objects."  11
(continued...)

debt is 'secured' by a lien."[3] Brown at 821.  Thus, if a creditor has a claim with a lien valid under state law and the claim is allowed under § 502, it is an "allowed secured claim."

I feel the approach taken by the courts in Brown and Brooks is the proper one and reject the reasoning of the courts in Wampler and Carver. It is uncontested that Pacific Cascade's claim is a 910 Claim and that its lien is valid under state law and has not been otherwise avoided. It is therefore an "allowed secured claim" for purposes of § 1325(a)(5) and the value of its claim, *as of the effective date of the plan*, must be paid over the life of the plan.  I also find, as did the courts in Brooks and Brown, that the applicable interest rate to meet the present value requirements of § 1325(a)(5)(B)(ii) is governed by Till v. SCS Credit Corp., 541 U.S. 465 (2004).  Absent evidence to the contrary, I find that the appropriate interest rate under Till is 7% per annum.

## CONCLUSION

For the reasons given, Pacific Cascade's objection to Debtors' proposed chapter 13 plan of reorganization is sustained. Debtors' attorney should submit a confirmation order which

---

[2](...continued)
U.S.C. § 502(a).

[3] "The term 'lien' means charge against or interest in property to secure payment of a debt...."  Code § 101(37).

Memorandum Opinion - 5

incorporates the holding of this opinion. The court will enter an order to that effect.

						FRANK R. ALLEY, III
						Bankruptcy Judge

Memorandum Opinion - 6